IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN REGUL,

    Plaintiff,

v.                                                 CASE NO. 4:09-cv-00019-MP-WCS

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

        This matter is before the Court on Doc. 31, Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1).  The Commissioner has filed a response, Doc. 32, indicating that he does not have a specific objection to the amount of the request but asking the Court to conduct a reasonableness inquiry.  Although the amount is uncontested, the Court must still make an independent determination of the reasonableness of any fee awarded pursuant to § 406(b).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08, 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not to exceed twenty-five percent of past-due benefits and should consider the character of the representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement).  Plaintiff's counsel states that she worked a total of 20.2 hours on this case.

        The Court finds upon consideration of the factors cited with approval in *Gisbrecht* that the requested fee award is reasonable.  The representation of plaintiff in this case was not substandard, and the attorney for plaintiff, does not appear to have been responsible for any delays in this matter.  Moreover, counsel represented plaintiff on a contingency fee basis for an

extended period of time, obtaining past-due benefits in the amount of $104,411.40. The twenty-five percent contingency fee agreement yields $26,102.85, which equals an hourly rate of $1,292.22 an hour. While the hourly rate almost certainly exceeds market rates, by working on a contingency fee basis counsel accepted the risk of not being compensated for her efforts. As such, the requested fee is not a windfall. Furthermore, the plaintiff has made no objection to his attorney's fee request.

The Commissioner withheld $26,102.85 of plaintiff's past-due benefits for attorney fees. Pursuant to the fee agreements in this case, plaintiff's counsel seeks this amount minus $4,174.05, which has already been received by counsel pursuant to the Equal Access to Justice Act . Thus, plaintiff's counsel seeks $21,928.80, and not the full amount of past-due benefits withheld. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The motion for attorneys' fees, Doc. 31, is GRANTED. Pursuant to 42 U.S.C. § 406(b), plaintiff's attorney is awarded fees in the amount of $21,928.80. Defendant is ordered to pay the fee from plaintiff's past-due benefits being held by defendant.

**DONE AND ORDERED** this  *18th* day of October, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge